**2013 WI 94**

# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP1483-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Randi H. Hubatch, Attorney at Law: |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Randi H. Hubatch, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST HUBATCH

| | |
|---|---|
| OPINION FILED: | November 26, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.    2013AP1483-D

STATE OF WISCONSIN                :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings**
**Against Randi H. Hubatch, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Randi H. Hubatch,**

      **Respondent.**

**FILED**

**NOV 26, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1    PER CURIAM.    We review a stipulation filed pursuant to SCR 22.12[1] by the Office of Lawyer Regulation (OLR) and

---

[1] SCR 22.12 states as follows:  Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed.  The supreme court may consider the complaint and stipulation without the appointment of a referee.

Attorney Randi H. Hubatch. In the stipulation, Attorney Hubatch agrees that by engaging in conduct leading to a criminal conviction for felony armed robbery, he violated SCR 20:8.4(b). He also agrees that a three-year suspension of his license to practice law in Wisconsin is an appropriate level of discipline for his misconduct. There is no request in this matter for a restitution award, nor is there a request in the stipulation for the imposition of costs against Attorney Hubatch.

¶2 After careful review of the matter, we agree that a three-year suspension of Attorney Hubatch's license to practice law is a proper sanction. Because the matter is being resolved without the appointment of a referee, we do not impose any costs on Attorney Hubatch.

¶3 Attorney Hubatch was admitted to the practice of law in Wisconsin in 2004. His law license was suspended effective October 31, 2007, for failure to pay State Bar dues. His license remains suspended. Attorney Hubatch has not previously been the subject of professional discipline.

---

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

¶4 The stipulation states that on January 11, 2013, Attorney Hubatch donned a Bucky Badger hat and robbed a Madison, Wisconsin, credit union of $500 while in possession of a toy gun. Within the following week, after being spotted publicly wearing the Bucky Badger hat, Attorney Hubatch confessed to a Madison detective that he had robbed the credit union.

¶5 Attorney Hubatch was charged with one count of armed robbery in violation of Wis. Stat. § 943.32(2) in Dane County Circuit Court Case No. 2013CF117. Attorney Hubatch pled guilty to the charge on February 21, 2013. On April 16, 2013, the circuit court sentenced Attorney Hubatch to two years in prison, followed by three years of extended supervision. Attorney Hubatch is currently incarcerated at the Oshkosh Correctional Institution.

¶6 On July 2, 2013, the OLR filed a complaint alleging that by engaging in conduct leading to a conviction for felony armed robbery, Attorney Hubatch violated SCR 20:8.4(b).[2]

¶7 On July 16, 2013, the parties entered into a stipulation whereby Attorney Hubatch agreed that his conduct violated SCR 20:8.4(b). He further agreed that it would be appropriate for this court to impose the level of discipline sought by the OLR director, namely, a three-year suspension of his license to practice law in Wisconsin.

---

[2] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

¶8 Attorney Hubatch avers the stipulation did not result from plea bargaining. He represents he fully understands the misconduct allegations and ramifications should the court impose a three-year license suspension. He also states he fully understands his right to contest the matter and his right to consult with counsel. He represents that his entry into the stipulation is made knowingly and voluntarily.

¶9 Having carefully considered this matter, we approve the stipulation and adopt the stipulated facts and legal conclusion of professional misconduct. We also agree that, given the serious nature of the misconduct, a three-year suspension of Attorney Hubatch's license to practice law is appropriate. We note that we have previously imposed three-year license suspensions in cases where attorneys have been convicted of criminal offenses. For example, in In re Disciplinary Proceedings Against Calhoun, 196 Wis. 2d 665, 538 N.W.2d 797 (1995), an attorney's license was suspended for three years as discipline for conduct that resulted in two convictions for possession and delivery of cocaine and for numerous misrepresentations to the sentencing court, the prosecutor, and physicians regarding the attorney's use of cocaine and the type of treatment he had pursued for his addiction. In the instant case, we find that a three-year suspension of Attorney Hubatch's license to practice law will protect the public, the courts and the legal system from repetition of the misconduct, will impress upon Attorney Hubatch the seriousness of his misconduct, and will deter other attorneys from committing similar misconduct.

4

¶10  IT IS ORDERED that the license of Randi H. Hubatch to practice law in Wisconsin is suspended for three years, effective the date of this order.

¶11  IT IS FURTHER ORDERED that Randi H. Hubatch shall continue compliance with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

1